IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YARA SOTELO,

    Plaintiff,

v.                                                                                                      No. 23cv148 SCY/KK

SOMBRA COSMETICS, INC., and
ALFREDO CORTAZAR, individually,
and as President and CEO of Sombra
Cosmetics, Inc.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND**

       Plaintiff filed a motion to remand this case to state court, arguing that removal under federal question jurisdiction was improper. Doc. 8. Defendants oppose the motion, relying on certain references Plaintiff's complaint makes to federal law. Doc. 13. Simultaneously, Plaintiff filed a motion to amend the complaint, requesting leave to file a complaint that does not make any references to federal law. Doc. 9. Defendants oppose that motion as well, arguing that Plaintiff's proposed amended complaint is futile and the Court should not grant Plaintiff leave to file it. Doc. 14. Plaintiff filed replies to both motions, Docs. 15 & 16, and requested a hearing on both motions, Docs. 19 & 20. The Court finds that a hearing on the motion to remand is unnecessary and so denies that request. Because the Court agrees with Plaintiff that the complaint was not removeable under federal question jurisdiction, the Court grants the motion to remand. The Court defers decision on the motion to amend and associated request for hearing to the state court after remand.

## BACKGROUND

Plaintiff filed her complaint in state court on January 10, 2023. Doc. 1 at 7-12 ("Compl."). The complaint does not cite the legal authority under which its causes of action arise. The first cause of action is entitled "Hostile Work Environment And Discrimination Based On Sex." Doc. 1 at 9. Among other things, it states in relevant part:

> An employer creates a hostile work environment, in violation of Title VII, when the workplace is permeated with "discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Tademy v. Union Pacific Corp.*, 614 F.3d 1132, 1138 (10th Cir. 2008).
>
> . . . .
>
> Ms. Sotelo seeks compensatory damages, emotional distress damages, attorney's fees, and all other damages available to her under New Mexico law.

Compl. ¶¶ 19, 25. Count II is titled "Retaliation" and contains no references to federal law but states that "[t]hese reprisals are actionable as retaliatory acts under New Mexico Law." Compl. ¶ 30.

Defendants filed a notice of removal in this Court, alleging federal-question subject-matter jurisdiction. Doc. 1 ¶ 6. The notice explains: "In her Complaint, Plaintiff asserts causes of action against Sombra Defendants, including violations of Title VII of the Civil Rights Act of 1964, 2 U.S.C. §2000(e), and retaliation." *Id.* ¶ 2. The notice does not cite any paragraph of the complaint or otherwise elaborate on this assertion, but the Court assumes Defendants' notice is premised on the above-quoted reference Plaintiff makes to Title VII.

## DISCUSSION

"Federal subject matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012). "The party invoking federal

2

jurisdiction has the burden to establish that it is proper . . . ." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

"For a case to arise under federal law [sufficient to support federal-question jurisdiction], the plaintiff's 'well-pleaded complaint' must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg*, 696 F.3d at 1023 (internal quotation marks omitted). "The well-pleaded complaint rule makes the plaintiff the 'master' of his claim. The plaintiff can elect the judicial forum—state or federal—based on how he drafts his complaint. Although he may not circumvent federal jurisdiction by omitting federal issues that are essential to his claim, he can nevertheless avoid federal jurisdiction by exclusive reliance on state law." *Id.* (cleaned up).

Plaintiff argues that "no federal question appears on the face of" the complaint, which is "at best ambiguous." Doc. 8 at 2. "Importantly . . . Plaintiff seeks damages solely under the New Mexico Human Rights Act. Accordingly, Plaintiff's claims for hostile work environment and retaliation do not depend on adjudicating federal issues." *Id.* at 3. The Court agrees. "The mere mention of a federal statute in a complaint does not create federal question jurisdiction." *Kumar v. ChaseBank, N.A.*, No. 13cv2205, 2013 WL 4670193, at *1 (M.D. Fla. Aug. 28, 2013). A complaint that references federal statutes but "does not seek relief under any federal law," nor seeks an order "interpreting any federal law," is not sufficient to invoke the jurisdiction of the federal courts. *Id.* "Rather, federal question jurisdiction requires that a party assert a *substantial* federal claim." *Id.* (emphasis added).[1]

---

[1] *See also Dabney v. Shapiro & Fishman, LLP*, No. 11cv342, 2012 WL 10816231, at *2 (N.D. Fla. Feb. 9, 2012) ("The mere assertion of a federal claim or citation to a federal statute is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331."); *Adams v. Eagle Rd. Oil LLC*, No.

In opposition, Defendants argue that Plaintiff pled a hostile work environment and then defined "hostile work environment" under federal law. Doc. 13 at 1. While that is true, it does not mean Plaintiff stated a substantial claim for relief under federal law. Notably, the New Mexico Supreme Court has "indicated that, when considering claims under the NMHRA, we may look at federal civil rights adjudication for guidance in interpreting the NMHRA." *Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶ 23, 135 N.M. 539, 549. That is, a citation to a federal statute and federal case law is also relevant to state law claims and does not necessarily implicate the presence of a substantial federal claim. *See Schreiber v. Regions Fin. Corp.*, No. 09cv1337, 2009 WL 10703161, at *4 (N.D. Ala. Sept. 11, 2009) (despite defendants' insistence that "certain terms used by Plaintiff in her Complaint are terms defined by federal securities laws," it did not mean plaintiff raised federal claims where those terms are also used in state law).

Defendants also argue that Plaintiff does not have a valid claim under state employment discrimination law due to failure to exhaust. Doc. 13 at 2. If true, that might be grounds for dismissing the state-law claim, but it is not grounds for keeping the case in federal court. *See Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 189 (5th Cir. 2001) (removal is not proper just because plaintiff brings an invalid state claim when she would have

---

16cv757, 2017 WL 1363316, at *3 (N.D. Okla. Apr. 12, 2017) ("[t]here is nothing in plaintiff's petition that would suggest that he intended to use [a term of art] only as it defined in federal statutes and regulations" and defendants' assumption to the contrary "is not supported by the plain language of plaintiff's petition and is refuted by plaintiff"); *Ruffino v. Par. Council*, No. 06cv124, 2006 WL 8456431, at *3 (E.D. La. Mar. 7, 2006) (holding "that the [plaintiffs'] mere passing mention of 'ex post facto' is not sufficient to satisfy the [d]efendants' burden" to show that the complaint raised a federal question); *Ambrose v. Grindell & Romero Ins.*, No. 17cv0681 MV/SMV, 2018 WL 1033201, at *4 (D.N.M. Feb. 23, 2018) ("vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal-question jurisdiction").

had a valid federal one). Any issue related to exhaustion of state-law remedies lies within the province of a New Mexico state court.

The Court is sympathetic to the Defendants' decision to remove a complaint that expressly cites federal law. However, "all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction." *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). "The party seeking removal bears the burden of proving the propriety of removal; doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013). Given Plaintiff's emphatic and on-the-record disclaimer against having brought federal claims, the Court finds that doubts must be resolved in Plaintiff's choice of forum.

Finally, the Court denies Plaintiff's request for hearing. Whether to hold a hearing is discretionary. D.N.M.LR-Civ. 7.6(a) ("Unless otherwise ordered by the Court, however, all motions will be decided on the briefs without a hearing."). Plaintiff's motion for hearing does not set forth any reasons Plaintiff wishes to hold oral argument. *Cf.* Doc. 19. The Court finds it is faster and a more efficient use of resources for the Court to release this decision without first holding oral argument. In any event, Plaintiff suffers no prejudice from not holding a hearing as the Court is ruling in her favor.

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's Motion To Remand, Doc. 8, is GRANTED;

2. Plaintiff's Request for Hearing, Doc. 19, is DENIED;

3. This case is REMANDED to the Second Judicial District Court of New Mexico.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE